IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL ACTION<br>NO. 12-00540 & 12-00358 |
| MIKHAIL CALLOWAY | |

**PAPPERT, J.**                                                                                                    **December 18, 2020**

### MEMORANDUM

Mikhail Calloway moves for compassionate release. The Court denies the Motions because Calloway presents no extraordinary and compelling reasons which warrant his release and, in any event, the factors under 18 U.S.C. § 3553(a) counsel against granting relief.

I

A

In 2012, Calloway pleaded guilty to five counts of bank robbery in violation of 18 U.S.C. § 2113(a). (Plea Agreement 1, ECF No. 5.) He robbed five separate banks in June of that year by passing notes to tellers demanding money and saying he had a gun. *See* (Gov't Resp. 2–3, ECF No. 29).

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Calloway was sentenced to 125 months' imprisonment, below the 151 to 188-month advisory Guideline range. *See* (Judgment 2, ECF No. 11); (Plea Agreement 3); (Gov't Sentencing Mem. 4, ECF No. 8); (Calloway Sentencing Mem. 4, ECF No. 9). So far, counting accrued good time credit, he has served approximately 113 months of his sentence. (Gov't Resp. 4.) His current anticipated release date is July 22, 2021. (*Id.*) Upon completion of his federal sentence Calloway must begin his consecutive state sentence. (Mot. for Release 1, ECF No. 21); (Suppl. Mot for Release 3, ECF No. 26).

1

B

On July 21, 2020, Calloway petitioned the warden at FCI Allenwood Medium for compassionate release because of a thyroid tumor he alleged increased his risk of illness from COVID-19. (Suppl. Mot. for Release Ex. A.) He also requested release in part so that he could begin serving his state sentence, where he could allegedly receive the drug treatment he is no longer getting at Allenwood. (*Id.* at 3, Ex. A) The warden denied Calloway's request. (*Id.*)

Calloway now argues that, in addition to his thyroid tumor, his alleged obesity and asthma also increase his vulnerability to COVID-19. (Suppl. Mot. for Release 6.) He states his release would comport with U.S.S.G. § 1B1.13 because he is not a danger to the community: even if the Court released him from federal custody, he would be transferred to state custody. (*Id.* at 13.) Calloway also asserts the 18 U.S.C. § 3553(a) sentencing factors weigh in his favor. *See generally* (*id.* at 14–16).

C

In October of 2020, between the filing of his *pro se* Motion and Supplemental Motion, Calloway tested positive for COVID-19. *See* (Gov't Resp. 5); (Gov't Resp., Ex. A 120–23, 173, ECF No. 30). His medical records indicate that he was asymptomatic during his illness, has since recovered and is not experiencing any lasting effects. *See* (Gov't Resp. Ex. A 120–23, 173). They also show that FCI Allenwood Medium responded to his positive test by placing him in contact isolation for ten days. (*Id.* at 173.)

According to the Government, FCI Allenwood Medium recently had a COVID-19 outbreak, "to which [the BOP] responded with aggressive testing and quarantine procedures." (Gov't Resp. 11.) As of the date of the Government's Response, forty-seven inmates at the prison had tested positive for the virus and all were isolated for treatment

and recovery. (*Id.*) As of today, the BOP reports six positive inmate cases and twenty positive staff cases at FCI Allenwood Medium. *See* COVID-19, *COVID-19 Cases*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 18, 2020). There have been no deaths at FCI Allenwood Medium from COVID-19. *See id.*

## II

A district court may reduce an inmate's sentence as a form of compassionate release only if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). But before releasing an inmate a court must also "consider[] the factors set forth in section 3553(a)." *Id.* Relevant factors include "the nature and circumstances of the offense" and the need to "protect the public from further crimes of the defendant." *Id.* § 3553(a)(1), (2)(C).

### A

Calloway has not presented extraordinary and compelling reasons for his release. A thyroid tumor is not a COVID-19 risk factor, and, in any event, the Government represents Calloway has refused interventions to treat his tumor in 2016, 2017, 2019 and 2020. *See* Coronavirus Disease 2019, *People with Certain Medical Conditions*, Center for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 18, 2020); (Gov't Resp. 5–6). Moderate to severe asthma is listed by the CDC as a condition that "might" increase risk of severe illness from COVID-19. But Calloway presents no evidence that his asthma is moderate to severe or that he suffers any serious complications due to asthma—in fact, his medical records state that his asthma is resolved. *See* (Gov't Resp. Ex. A 57, 75, 186). On this record, Calloway's asthma cannot justify his release. *See, e.g.*, *United States v. Millhouse*, No. 06-285-1, 2020 WL 6799170, at * (E.D. Pa. Nov. 19, 2020) (asthma not

an extraordinary and compelling circumstance warranting release where defendant presented no symptoms of moderate asthma); *United States v. Solomon*, Nos. 05-350, 05-285, 2020 WL 5231326, at *5 n.5 (W.D. Pa. Sept. 2, 2020) (disregarding asthma in compassionate release analysis where evidence did not suggest asthma was moderate to severe).

Absent evidence of any other risk factors, Calloway's obesity does not justify his release. *See, e.g.*, *United States v. Williams*, No. 15-471-3, 2020 WL 4756743, at *5 (E.D. Pa. Aug. 17, 2020) ("[T]he fact that [defendant] suffers from obesity during the age of the COVID-19 pandemic does not necessarily mean, on its own, extraordinary reasons justify the reduction of his sentence."); *United States v. Grasha*, --- F. Supp. 3d -- ---, 2020 WL 5747829, at *5 (W.D. Pa. Sept. 24, 2020) (obesity and BMI of 48 presented a serious risk but did "not arise to an extraordinary and compelling reason for release"); *United States v. Whitsell*, No. 09-cr-20236, 2020 WL 3639590, at *4 (E.D. Mich. July 6, 2020) ("[O]besity by itself is not sufficient to warrant early release under the compassionate release standard. . . . Other district courts have granted compassionate release only upon a finding of numerous and severe medical conditions that place them at significantly higher risk for severe illness from COVID-19."). He also makes no showing that his obesity is not properly controlled at his prison. *See United States v. Bermudez*, No. , 2020 WL 7338556, at *1, 4–5 (E.D. Pa. Dec. 14, 2020) (denying release of defendant suffering from obesity, asthma, high blood pressure, sleep apnea and hypothyroidism where defendant did not establish his conditions were not monitored and appropriately managed by his prison); *United States v. Moldover*, No. 14-637, 2020 WL 6731111, at *9 (E.D. Pa. Nov. 13, 2020) (denying release where defendant's

purported obesity, asthma and hypertension appeared under control).

Calloway's previous experience with COVID-19 does not present an extraordinary and compelling reason for his release either. Numerous courts have denied compassionate release at least partially because a movant already contracted the virus. *See, e.g.*, *United States v. Evans*, No. 13-173, 2020 WL 6144006, at *5–6 (W.D. Pa. Oct. 20, 2020); *United States v. Amico*, No. 19-86, 2020 WL 5407913, at *4 (E.D. Pa. Sept. 9, 2020) (collecting cases); *United States v. Hilts*, No. 11-133, 2020 WL 4450373, at *2 (W.D. Pa. Aug. 3, 2020). Courts have also stated that the possibility of reinfection is not an extraordinary and compelling reason for compassionate release, particularly where a defendant presented no symptoms in his first experience with the virus. *See United States v. Wiltshire*, No. 11-310, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020); *United States v. Baker*, No. 16-179, 2020 WL 4584195, at *4 (E.D. La. Aug. 10, 2020); *United States v. Krietzman*, No. 17-cr-00477-BLF-1, 2020 WL 4368191, at *3 (N.D. Cal. July 30, 2020) ("[Defendant's asymptomatic] infection, and recovery, from COVID-19 is not a medical condition that qualifies as an 'extraordinary and compelling reason[]' . . . to modify his sentence . . . ."); *United States v. Burks*, No. 3:14-cr-208-MOC-1, 2020 WL 4927481, at *3 (W.D.N.C. Aug. 21, 2020) ("Defendant cannot now meet his burden of establishing that his risk is extraordinary and compelling because he has already contracted the virus and escaped unscathed.").[1]

B

---

[1] Some courts have found a defendant's risk of reinfection supported compassionate release. In those cases, however, the courts' bases for release included poor conditions at a defendant's prison. *See, e.g. United States v. Salley*, No. 19-688, 2020 WL 7024253, at *9 (E.D. Pa. Nov. 30, 2020) (granting release from prison where nearly ten percent of inmates and twenty-one staff members tested positive for COVID-19 one week before opinion); *United States v. Babbit*, --- F. Supp. 3d ----, 2020 WL 6153608, at *1, 8 (E.D. Pa. Oct. 21, 2020) (granting release from prison that failed to test and isolate defendant during first COVID-19 infection with almost 1,000 reported COVID-19 cases and nine deaths); *United States v. Keys*, No. 2:16-CR-00234-KJM, 2020 WL6700412, at *2–4 (E.D. Cal. Nov. 13, 2020) (granting release from prison where over 570 of approximately 700 total inmates were infected and ten inmates died from COVID-19). The conditions at FCI Allentown Medium, which successfully mitigated its recent COVID-19 outbreak, are not commensurate to those that bolstered those defendants' arguments for release.

The § 3353(a) factors also counsel against releasing Calloway.  *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (affirming denial of compassionate release because "the § 3353(a) factors weigh[ed]" against release).  During his crime spree, Calloway stole thousands of dollars by threatening the safety of the bank tellers.  Even though he has served most of his sentence, his best argument that he will not be a danger to the community seems to be that if released from federal prison he will be transferred to state custody.

This argument is inherently contradictory.  Calloway does not explain how any medical dangers he faces in federal prison would be any different in a state facility.  Additionally, Calloway's claims that certain opportunities he has been denied in federal prison will be made available to him once he transfers to state prison are no more than mere speculation.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.